UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMONE KNOX,

    Petitioner,                                  Civil Action No. 15-cv-13531

vs.                                              HON. BERNARD A. FRIEDMAN

TIM DONNELLON,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

This matter is presently before the Court on Raymone Knox's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must conduct a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). The district court may summarily dismiss a petition if it appears from the face of the petition that petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001). However, the Court must keep in mind that *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The allegations of a *pro se* habeas petition, "though vague and conclusory, are entitled to a liberal construction." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quoting *Burris v. United States*, 430 F.2d 399, 403 (7th Cir. 1970)). "The appropriate liberal construction requires active interpretation in some cases to [] construe a pro se habeas petition[.]" *Id.*

Knox claims that he is being held in the St. Clair County Jail without due process of

law. He claims that he was brought to the jail on May 7, 2015, due to an unknown federal hold and that he should have been released from Federal Bureau of Prisons ("BOP") custody on October 16, 2015. In support of his position, Knox has attached to his petition a document entitled "Sentence Monitoring Computation Data as of 07-29-2015" that appears to have been calculated by the BOP on May 27, 2015. This document indicates October 16, 2015, as Knox's projected release date. Knox, however, asserts that the BOP's website is inconsistent with his projected October release date because it states that December 18, 2015, is his release date. Thus, it appears that Knox is contesting the BOP's calculation of his release date.

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *See, e.g., Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). "The exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action." *Bethea v. DeWalt*, 09-CV0250-JBC, 2010 WL 55924, at *2 (E.D. Ky. Jan. 4, 2010). Issues relating to the BOP's calculation of an inmates's release date must be exhausted through the BOP's administrative remedy process before seeking judicial relief. *See Ores v. Warden, FCI Texarkana*, 50 F.3d 10, at *1 (6th Cir. 1995). Furthermore, a court does not have the authority to compute sentence credits under 18 U.S.C. § 3585(b), as that task is reserved for the Attorney General, through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992).

Knox has failed to plead any facts showing that he has exhausted the BOP's administrative remedy process, *see* 28 C.F.R. §§ 542.10-19, before filing his habeas corpus petition. Although Knox has submitted with his petition a "kite" showing that he asked the St. Clair County

Jail when he would be released, this "kite" does not satisfy the exhaustion requirement, as it appears Knox did not formally challenge the calculation of his release date within the BOP's administrative remedy process. Because Knox has failed to exhaust his administrative remedies, his petition for a writ of habeas corpus must be dismissed without prejudice. A certificate of appealability is denied.

SO ORDERED.

Dated: November 30,. 2015
      Detroit, Michigan

s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE